**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE SHANE GROUP, INC. and BRADLEY A. VENEBERG, | ) ) ) Case No. 2:10-cv-14360-LPZ-VMM ) |
| Plaintiffs, on behalf of themselves and all others similarly situated, | ) Honorable Denise Page Hood ) ) |
| v. | ) ) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) |
| Defendant. | ) ) |

| | |
|---|---|
| MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND; ABATEMENT WORKERS NATIONAL HEALTH AND WELFARE FUND; MONROE PLUMBERS & PIPEFITTER LOCAL 671 WELFARE FUND; on behalf of themselves and all others similarly situated, | ) ) ) Case No. 2:10-cv-14887-GCS-RSW ) ) Honorable George Caram Steeh ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' MOTION FOR CONSOLIDATION, APPOINTMENT OF INTERIM**
**CLASS AND LIAISON COUNSEL, AND INITIAL PRETRIAL SCHEDULE**

Plaintiffs The Shane Group, Inc., Bradley A. Veneberg, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund state as follows for their Motion For Consolidation, Appointment Of Interim Class and Liaison Counsel, and Initial Pretrial Schedule:

1.      On October 29, 2010, The Shane Group, Inc. and Bradley A. Veneberg ("Shane Group" or "Shane Group Plaintiffs") filed a complaint in this Court against Blue Cross Blue Shield of Michigan ("BCBSM"), alleging that BCBSM's use of most favored nation ("MFN") clauses in its contracts with hospitals in Michigan has unreasonably restrained trade in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 2 of the Michigan Antitrust Reform Act, MCL § 445.772.

2.      On December 8, 2010, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund ("Michigan Regional Council" or "Michigan Regional Council Plaintiffs") filed a complaint in this Court against BCBSM alleging similar violations.

3.      The two actions involve common issues of law and fact and, therefore, should be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

4.      Also pending in this Court before Judge Denise Page Hood is an antitrust action against BCBSM filed by the United States of America and the State of Michigan.  The United States and the State of Michigan are seeking to enjoin BCBSM from including MFN clauses in its contracts with hospitals in Michigan, to enjoin the enforcement of such clauses by BCBSM, and to remove such clauses from existing contracts.  These governmental plaintiffs seek neither damages nor certification of a class, and Plaintiffs do not seek consolidation with the government

action.  To movants' knowledge, no other related class actions are pending in this Court or any other federal or state court in Michigan or elsewhere.

5.      Furthermore, pursuant to Federal Rule of Civil Procedure 23(g)(3), both the Shane Group Plaintiffs and the Michigan Regional Council Plaintiffs seek appointment of The Miller Law Firm, P.C., Wolf Haldenstein Adler Freeman & Herz LLP, and Cohen Milstein Sellers & Toll PLLC as Interim Class Counsel and Fink + Associates Law as Interim Liaison Counsel for the putative class.

6.      Plaintiffs propose deadlines for the filing of a consolidated amended class action complaint and Defendants' response thereto, which deadlines are contained in the [Proposed] Order For Consolidation, Appointment of Interim Class and Liaison Counsel, and Initial Pretrial Schedule.

WHEREFORE, based upon the foregoing and the accompanying Brief In Support of this Motion, Plaintiffs respectfully request that the Court enter the [Proposed] Order For Consolidation, Appointment of Interim Class and Liaison Counsel, and Initial Pretrial Schedule.


Dated: January 7, 2011                  Respectfully submitted,


                                        /s/ E. Powell Miller_____
                                        E. Powell Miller
                                        **THE MILLER LAW FIRM, P.C.**
                                        950 West University Drive, Suite 300
                                        Rochester, Michigan  48307
                                        Telephone: (248) 841-2200
                                        Email: epm@millerlawpc.com

/s/ Mary Jane Fait_____
Mary Jane Fait
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel: (312) 984-0000
Email: fait@whafh.com

/s/ Daniel A. Small_____
Daniel A. Small
Kit A. Pierson
Benjamin D. Brown
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Email:  dsmall@cohenmilstein.com

*Proposed Interim Class Counsel*

/s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Email: dfink@finkandassociateslaw.com

*Proposed Interim Liaison Counsel*

Eric L. Cramer
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-1700

3

Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 South LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

Richard N. LaFlamme
**LAFLAMME & MAULDIN, P.C.**
2540 Spring Arbor Road
Jackson, Michigan 49203
Telephone: (517) 784-9122

David Balto
**LAW OFFICES OF DAVID BALTO**
1350 I Street, NW
Suite 850
Washington, DC 20005
Telephone: (202) 789-5424

*Attorneys for Plaintiffs The Shane Group, Inc. and
Bradley A. Veneberg*

L. Kendall Satterfield
Don A. Resnikoff
Michael G. McLellan
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
dresnikoff@finkelsteinthompson.com
mmclellan@finkelsteinthompson.com

John Tesija
Mike Novara
Bryan M. Beckerman
**NOVARA TESIJA, P.L.L.C.**
2000 Town Center, Suite 2370
Southfield, Michigan 48075
Telephone:  (248) 354-0380
tesija@novaratesija.com
man@novaratesija.com
bmb@novaratesija.com

*Attorneys for Plaintiffs Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE SHANE GROUP, INC. and BRADLEY A. VENEBERG,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | )<br>)<br>)   Case No. 2:10-cv-14360-LPZ-VMM<br>)<br>)   Honorable Denise Page Hood<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND; ABATEMENT WORKERS NATIONAL HEALTH AND WELFARE FUND; MONROE PLUMBERS & PIPEFITTER LOCAL 671 WELFARE FUND; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | )<br>)<br>)   Case No. 2:10-cv-14887-GCS-RSW<br>)<br>)   Honorable George Caram Steeh<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION,
APPOINTMENT OF INTERIM CLASS AND LIAISON COUNSEL,
<u>AND INITIAL PRETRIAL SCHEDULE</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................i

STATEMENT OF THE ISSUES PRESENTED ........................................................ iii

TABLE OF AUTHORITIES ........................................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ..................................vii

I.      INTRODUCTION .............................................................................................1

II.     BACKGROUND ...............................................................................................1

III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS
        FILED BY THE SHANE GROUP AND MICHIGAN REGIONAL
        COUNCIL PLAINTIFFS.....................................................................................2

        A.      Standard for Consolidation .........................................................................2

        B.      Consolidation Of The Actions Is Warranted .............................................3

IV.     THE COURT SHOULD APPOINT THE MILLER LAW FIRM,
        WOLF HALDENSTEIN AND COHEN MILSTEIN AS
        INTERIM CLASS COUNSEL AND FINK + ASSOCIATES LAW AS
        INTERIM LIAISON COUNSEL ........................................................................4

        A.      Standard for Appointment of Interim Class Counsel...............................4

        B.      The Miller Law Firm, Wolf Haldenstein, Cohen Milstein and Fink +
                Associates Law Have The Experience And Expertise To Fairly And Adequately
                Represent The Putative Class...............................................................5

                1.      The Miller Law Firm Is Well-Qualified To Serve As
                        Interim Class Counsel In The Prosecution Of This Case ...........................6

                2.      Wolf Haldenstein Is Well-Qualified To Serve As
                        Interim Class Counsel In The Prosecution Of This Case ...........................9

                3.      Cohen Milstein Is Well-Qualified To Serve As
                        Interim Class Counsel In The Prosecution Of This Case ........................11

                4.      Fink + Associates Law Is Well-Qualified To Serve As Interim
                        Liaison Counsel ......................................................................................15

5.   The Miller Law Firm, Wolf Haldenstein And Cohen Milstein
       Have A History Of Successfully Co-Leading
       Complex Class Action Litigations ............................................................15

V.   THE COURT SHOULD ENTER AN INTIAL PRETRIAL SCHEDULE .......................16

VI.  CONCLUSION .............................................................................................................17

## STATEMENT OF THE ISSUES PRESENTED

1.      Should the Court consolidate Case No. 2:10-cv-14360 and Case No. 2:10-cv-14887, where the actions involve common questions of law and fact and Defendant Blue Cross Blue Shield of Michigan would not be prejudiced?

Plaintiffs answer:      Yes

The Court should answer:      Yes


2.      Should the Court appoint The Miller Law Firm, P.C., Wolf Haldenstein Adler Freeman & Herz LLP and Cohen Milstein Sellers & Toll PLLC as Interim Class Counsel and Fink + Associates Law as Interim Liaison Counsel for the putative class, where the firms have significant experience and expertise leading complex class action litigations and will fairly and adequately represent the putative class?

Plaintiffs answer:      Yes

The Court should answer:      Yes


3.      Should the Court enter a schedule for the filing of a consolidated amended class action complaint and the briefing of any motion to dismiss?

Plaintiffs answer:      Yes

The Court should answer:      Yes

# TABLE OF AUTHORITIES

## Cases

*Air Cargo Shipping Antitrust Litigation*, No. 06-MD-1775 CBA/VVP (E.D.N.Y) .............. 10, 13

*Ambac Financial Group, Inc. Shareholders Derivative Litigation*,
   Case No. 3521-VCL (Del. Ch.) ............................................................................... 15

*Aon ERISA Litigation*, Case No. 04 C 6875 (N.D. Ill.) .................................................. 9

*Apple & AT&TM Antitrust Litigation*,
   No. C 07-5152, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010) ................................. 10

*Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993) ....................................................... 3

*Carbon Black Antitrust Litigation*, MDL No. 1543 (D. Mass.)...................................................... 10

*Cathode Ray Tube Antitrust Litigation,* No. 07-C-5944-SC (N.D. Cal.)...................................... 10

*Chocolate Confectionary Antitrust Litigation,* MDL No. 1935 (M.D. Fla.) ................................ 10

*Collins & Aikman Corp. Securities Litigation (Egleston v. Heartland Industrial Partners, L.P.)*,
   Case No. 06-cv-13555 (E.D. Mich.) ......................................................................... 16

*Comdisco Sec. Litig.*, 150 F. Supp. 2d 943 (N.D. Ill. 2001) .......................................................... 9

*Commodity Exchange, Inc., Silver Futures and Options Trading Litigation*, MDL No. 2213 .... 10

*Compuware Securities Litigation*, Case No. 02-cv-73793 (E.D. Mich.)...................................... 16

*Cox v. Software AG Systems*, Case No. 99-496 (E.D. Va.) ....................................................... 16

*Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, M.D.L. No. 2031 (N.D. Ill.)......... 10

*Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005) ............................................................ 5

*Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 1486 (N.D. Cal.) ..... 9

*Evanston Northwestern Healthcare Antitrust Litigation*, No. 07-cv-4446 (N.D. Ill.)................. 10

*Free v. Abbott Laboratories*, No. 99-391 .................................................................. 12

*Gasperoni v. Metabolife International, Inc*., Case No. 00-71255 (E.D. Mich. 2001)................... 8

*General Motors Corp. Securities & Derivative Litigation*, Case No. 06-md-1749 (E.D. Mich.) 16

*Google Inc. Street View Electronic Communications Litigation*, MDL No. 2184 (N.D. Cal.).... 12

*Graphic Processing Units Antitrust Litigation,* No. 07-CV-1823-WHA (N.D. Cal.) ................. 10

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985) ...................................... 3

*Hill v. Tribune Co.*, No. 05 C 2606, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005)........................ 5

*Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 1717 (D. Del.)................................ 12

*International Air Transportation and Surcharge Antitrust Litigation*,
   No. 06-M-1793 CRB (N.D. Cal.) ............................................................................ 10

*LTL Shipping Services Antitrust Litigation,* MDL No. 1895 (D. Me.).........................................10

*Luxottica Group, S.p.A. Sec. Litig.*,
   No. 01-CV-3285, 2004 WL 2370650 (E.D.N.Y. Oct. 22, 2004)...............................................9

*McDonough v. Toys "R" Us, Inc.*, No. 06-0242 (E.D. Pa.).....................................................10

*New Motors Vehicles Canadian Export Antitrust Litigation*, MDL No. 1532 (D. Me.) .............10

*Nolte v. Capital One Financial Corporation*, Case No. 02-1069-A (E.D. Va.) ..........................16

*Oakland County Employees' Retirement Systems, et. al. v. Massaro, et. al. (Huron Consulting)*,
   Case No. 09 C 6284 (N.D. Ill.) .............................................................................................15

*Online DVD Rental Antitrust Litigation*, M.D.L. No. 2029 (N.D. Cal.) .....................................10

*Packaged Ice Antitrust Litigation,* MDL 1952 (E.D. Mich.)........................................................10

*Plastic Additives Antitrust Litigation*, MDL No. 1547 (E.D. Pa.)................................................10

*Proquest Company Securities Litigation*, Case No. 06-10619 (E.D. Mich.)................................16

*Publication Paper Antitrust Litigation*, No. 04-MD-1631 SRU (D. Conn.) ................................10

*Rail Freight Fuel Surcharge Antitrust Litigation,* MDL No. 1536 (D.D.C.) ..............................10

*Rubber Chemicals Antitrust Litigation*, No. C 03 1496 (D. Conn.) .............................................10

*StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.) ....................................16

*Steiner v. Southmark Corporation*, Case No. 3-89-1387-D (N.D. Tex.). ....................................16

*Street v. Siemens*, Case No. 03-885 (Pa. Ct. Com. Pls. 2005) ......................................................7

*Sulfuric Acid Antitrust Litigation*, MDL No. 1536 (N.D. Ill .....................................................10

*Text Messaging Antitrust Litigation*, MDL No. 1997 (N.D. Ill.)................................................10

*Toys "R" Us Antitrust Litigation*, 98 MDL 1211 F.R.D. 347 (E.D.N.Y. 2000) ...........................9

*Urethane Antitrust Litigation*, MDL No. 1616 (D. Kan.).....................................................10, 13

## Statutes

Michigan Antitrust Reform Act, MCL § 445.772 ...................................................................1, 2

Sherman Act, 15 U.S.C. § 1.....................................................................................................1, 2

Sherman Act, 15 U.S.C. § 2..........................................................................................................2

## Other Authorities

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2385
   (2d ed. 1987)...............................................................................................................................3

Manual for Complex Litigation (Fourth) (2007) ...........................................................................4

**<u>Rules</u>**

Fed. R. Civ. P. 23 .......................................................................................................... 4, 5

Fed. R. Civ. P. 23(g)(2) ...................................................................................................... 5

Fed. R. Civ. P. 23(g)(4) ...................................................................................................... 5

Fed. R. Civ. P. 42(a) ........................................................................................................... 2

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993)

**Rules**

FED. R. CIV. P. 23(g)(3)

FED. R. CIV. P. 42(a)

## I.      INTRODUCTION

Plaintiffs The Shane Group, Inc., Bradley A. Veneberg, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund respectfully submit this motion to: (i) consolidate the above-captioned actions; (ii) appoint The Miller Law Firm, P.C. ("MLF"), Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Interim Class Counsel; (iii) appoint Fink + Associates Law as interim Liaison Counsel for the putative class; and (iv) establish an initial pretrial schedule.

## II.     BACKGROUND

The United States of America, acting under the direction of the Attorney General of the United States, and the State of Michigan, acting under the direction of the Michigan Attorney General, filed a civil antitrust action against Blue Cross Blue Shield of Michigan ("BCBSM") on October 18, 2010 for unreasonably restraining trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 2 of the Michigan Antitrust Reform Act, MCL § 445.772.   The complaint alleges that BCBSM's use of most favored nation ("MFN") clauses has reduced competition in the sale of health insurance and has raised prices for healthcare in markets throughout Michigan by inhibiting hospitals from negotiating competitive contracts with BCBSM's competitors.   The United States and the State of Michigan are seeking to enjoin BCBSM from including MFN clauses in its contracts with hospitals in Michigan, to enjoin the enforcement of such clauses by BCBSM and to remove such clauses from existing contracts.

On October 29, 2010, The Shane Group, Inc. and Bradley A. Veneberg ("Shane Group" or "Shane Group Plaintiffs") filed a complaint in this Court against BCBSM on behalf of all individuals and entities who purchased healthcare services at a rate contracted for by BCBSM or

one of its competitors directly from a hospital with which BCBSM entered into an agreement that included an MFN clause or its equivalent.  In their complaint, the Shane Group Plaintiffs allege BCBSM's use of MFNs has artificially inflated the prices paid for hospital services in markets throughout Michigan by inhibiting the negotiation of contracts with hospitals at competitive price levels.

The Shane Group Plaintiffs further contend that as a result of the MFNs, they and the class they seek to represent, including BCBSM's own insureds and self-insured employers with plans administered by BCBSM, have paid artificially high prices for health care services.  The Shane Group Plaintiffs assert that BCBSM's conduct has unreasonably restrained trade in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 2 of the Michigan Antitrust Reform Act, MCL § 445.772.

On December 8, 2010, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund ("Michigan Regional Council" or "Michigan Regional Council Plaintiffs") filed a similar class action complaint in this Court against BCBSM.

## III.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FILED BY THE SHANE GROUP AND MICHIGAN REGIONAL COUNCIL PLAINTIFFS

### A.   Standard for Consolidation

Pursuant to Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  Courts are afforded broad discretion under this rule to consolidate pending cases.  9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE § 2385 (2d ed. 1987). The Sixth Circuit has advised courts

to consider the following when determining whether to consolidate pending cases:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne
> by the risk of inconsistent adjudications of common factual and legal issues, the
> burden on parties, witnesses and available judicial resources posed by multiple
> lawsuits, the length of time required to conclude multiple suits as against a single
> one, and the relative expense to all concerned of the single-trial, multiple-trial
> alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (*quoting Hendrix v. Raybestos-*

*Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). In addition, "[c]are must be taken that

consolidation does not result in unavoidable prejudice or unfair advantage." *Id.*

### B.       Consolidation Of The Actions Is Warranted

Consolidation of the above-captioned actions is warranted because they involve common

questions of law and fact, and consolidation would not result in any prejudice to the Defendant.

Moreover, the burden on the parties, witnesses and judicial resources would be considerably

lessened if the actions were consolidated.

The lawsuits filed against BCBSM by the Shane Group and Michigan Regional Council

Plaintiffs are identical or nearly identical in many respects and, thus, should be consolidated.

First, the actions involve the same Defendant – Blue Cross Blue Shield of Michigan. Second,

the lawsuits allege the same anti-competitive conduct by Defendant, namely that BCBSM's use

of MFNs or their equivalent in its contracts with hospitals illegally raised prices for hospital

services to members of the Class. Third, the actions are brought on behalf of substantially

similar classes which both include certain individuals who "paid for hospital services at a rate

contracted for by BCBSM or one of its insurer competitors directly from a hospital with which

BCBSM entered into an agreement that included a 'most favored nation' clause ("MFN") or its

equivalent from at least as early as January 1, 2007 to the present (the "Class Period")." *See*

Shane Group Plaintiffs' Complaint ("Compl.") ¶ 18; *see also* Michigan Regional Council Plaintiffs' Compl. ¶ 81. Moreover, if the cases are consolidated, Plaintiffs are prepared to file a single consolidated amended complaint that would make the claims in the two cases identical.

Furthermore, Defendant will suffer no harm or prejudice should the pending actions be consolidated. Indeed, it would be more cost-effective and efficient for the parties and the Court to litigate these related cases as one action. Accordingly, the Court should consolidate the Shane Group and Michigan Regional Council actions against BCBSM.[1]

## IV. THE COURT SHOULD APPOINT THE MILLER LAW FIRM, WOLF HALDENSTEIN AND COHEN MILSTEIN AS INTERIM CLASS COUNSEL AND FINK + ASSOCIATES LAW AS INTERIM LIAISON COUNSEL

### A. Standard for Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). Similarly, the Manual for Complex Litigation (Fourth) (2007) ("*Manual*") recommends that early in complex litigation the court select and authorize one or more attorneys to act on behalf of other counsel and their clients. Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Manual* § 10.22.

Appointment of interim class counsel is appropriate at this time. Appointment of interim class counsel will define the roles and responsibilities of the different plaintiffs law firms presently in these cases, will encourage those so appointed to zealously invest their time and financial resources in the litigation, will eliminate doubt about their role in the litigation should

---

[1] Plaintiffs do not seek consolidation with the government action because Plaintiffs' claims raise substantial issues that are not present in the government case, namely, class certification and damages. However, Plaintiffs are fully prepared to coordinate discovery with the government action at the appropriate time.

additional related cases be filed, and will avoid distracting and protracted leadership contests if other related cases are later filed.

Although neither Rule 23(g) nor the Advisory Committee Notes explicitly define the standards for appointing *interim* class counsel, courts have held that the same standards apply as when selecting class counsel at the class certification stage. *See, e.g.*, *Hill v. Tribune Co.*, No. 05 C 2606, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel."). Therefore, the Court must consider the following factors in appointing interim class counsel:

> 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class.

*In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (*citing* FED. R. CIV. P. 23(g)(1)(C)(I)). The "Court may also consider other matter [sic] pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (*citing* FED. R. CIV. P. 23(g)(1)(ii)); *see also* Fed. R. Civ. P. 23(g)(2) (Standard for Appointing Class Counsel) and (4) (Duty of Class Counsel).

## B.     The Miller Law Firm, Wolf Haldenstein, Cohen Milstein and Fink + Associates Law Have The Experience And Expertise To Fairly And Adequately Represent The Putative Class

The Miller Law Firm, Wolf Haldenstein, Cohen Milstein and the Fink + Associates Law attorneys have all spent significant amounts of time and energy identifying and investigating potential claims in the action. The comprehensive complaints filed on behalf of the Shane Group Plaintiffs and the Michigan Regional Council Plaintiffs are a testament to the time and resources

counsel have expended thus far examining and articulating the claims in the litigation.[2] Moreover, as detailed below, The Miller Law Firm, Wolf Haldenstein, Cohen Milstein and Fink + Associates Law all have ample experience handling class actions, complex litigation and antitrust claims. Additionally, each of the aforementioned firms is knowledgeable about the applicable federal and state antitrust laws, and will appropriately dedicate their resources to representing the putative class.[3]

### 1. The Miller Law Firm Is Well-Qualified To Serve As Interim Class Counsel In The Prosecution Of This Case

The Miller Law Firm has extensive experience litigating complex class actions throughout the United States and, particularly, in the Eastern District of Michigan. MLF has been appointed lead counsel or has had substantial responsibility in numerous class action cases in the Eastern District of Michigan *continuously* since 1995. *See* MLF's Summary of Class Action Experience, which is Exhibit A to the Affidavit of E. Powell Miller (Exhibit 1). Currently Fink + Associates Law Partner David Fink and The Miller Law Firm serve as interim lead counsel in two multidistrict matters pending in this District: *In re Refrigerant Compressors Antitrust Litigation* and *In re OnStar Contract Litigation*. The Miller Law Firm also has extensive experience outside of Michigan. In March of 2009, The Miller Law Firm was appointed Co-Lead Counsel in the *AIG 2008 Securities Litigation* in the Southern District of

---

[2] After the United States and the State of Michigan filed their complaint on October 18, 2010, The Miller Law Firm, Wolf Haldenstein, Cohen Milstein and the attorneys at Fink + Associates Law all scrutinized the underlying facts and possible claims against BCBSM before filing their own complaints alleging violations of the Sherman Act and the Michigan Antitrust Reform Act.

[3] Because this is high stakes litigation involving complex antitrust claims, Plaintiffs expect that it will be hard fought and require the investment of very substantial resources. Under these circumstances, the appointment of three firms to lead this litigation is appropriate. That will ensure that sufficient resources will be available to handle the anticipated immense burdens of this litigation on behalf of the putative class.

New York representing, as Special Assistant Attorney General, the State of Michigan Retirement Systems.

Class action cases are rarely tried, but The Miller Law Firm believes it important to also handle complex commercial litigation cases in order to ensure that the firm has sharpened trial skills in the event trial becomes necessary in a class case.  Mr. Miller has extensive trial experience, with 11 consecutive victories, including:  obtaining a multi-million dollar bench trial award in July of 2009 wherein the trial court described Mr. Miller's trial work as "superb"; a jury verdict in the Eastern District of Michigan for more than $10 million; a verdict in the Middle District of Florida for more than $20 million; and several other multi-million dollar verdicts.  A summary of Mr. Miller's trial results is attached as Exhibit B to his accompanying Affidavit and accounts for every case that he has tried to a verdict.  His class action cases have resulted in more than $500 million in settlements, including two recent cases where the class received net cash recoveries of 100% of their damages.

One of those cases, *Street v. Siemens*, Case No. 03-885 (Pa. Ct. Com. Pls. 2005) ("*Siemens*") was featured in *Crain's Detroit Business* as a top result for 2005, likely because it was an example of a Michigan firm serving as a lead counsel in a case in Pennsylvania, which resulted in a partial summary judgment for the Plaintiff Class, and a $14.4 million settlement reflecting a 100% recovery for more than 1,000 employees in a national class action.  The presiding judge, Judge Bernstein, had been assigned to oversee most class actions pending in state court in Philadelphia for a considerable period of time and presided over many class action cases.  In approving the settlement in *Siemens*, Judge Bernstein commented:  "If this case does not restore public confidence in class actions then nothing will."

In *Gasperoni v. Metabolife International, Inc.*, Case No. 00-71255 (E.D. Mich. 2001), Mr. Miller was Co-Lead Counsel and achieved a multi-million dollar settlement against a dietary supplement manufacturer that allegedly sold dangerous dietary supplements.  The District Court requested a Report and Recommendation on the quality of the work counsel performed from Richard D. Friedman, the Ralph W. Aigler Professor of Law at the University of Michigan Law School.  Professor Friedman stated that "Messrs Miller and [co-counsel Mark] Baumkel are extremely able lawyers of high standing . . . . They are smart, energetic, and resourceful.  They are a credit to the bar, and specifically to the plaintiffs' bar.  I suspect that if more plaintiffs' lawyers were like them the public would have a far more positive view of lawyers than it has."

The senior members of the MLF litigation team will ensure Plaintiffs and the putative class are adequately and fairly represented.  E. Powell Miller is the founding partner of The Miller Law Firm and focuses his practice on all aspects of litigation, representing many Fortune 500 and other clients in litigation throughout the United States.  In fact, Mr. Miller has never lost a trial – with eleven consecutive victories, including verdicts in excess of $5 million, $10 million and $23 million.  Mr. Miller was chosen by Best Lawyers in America as Lawyer of the Year for "Bet The Company" litigation in 2010.  Notably, Mr. Miller was the sole recipient of this recognition for 2010 in this jurisdiction. Mr. Miller was also named one of the "Top 10" lawyers in Michigan in the September 2010 rankings published by *SuperLawyers* magazine.  Indeed, nine MLF attorneys have been recognized by *SuperLawyers* in the last two years.  In August 2009 Mr. Miller became Co-Chair of the American Bar Association Subcommittee on Multi-District Litigation and Class Action Procedure.  Mr. Miller graduated third in his class from Wayne State University Law School, *magna cum laude*, in 1986.

###### 2.   Wolf Haldenstein Is Well-Qualified To Serve As Interim Class Counsel In The Prosecution Of This Case

Wolf Haldenstein is among the most experienced class action law firms in the United States and has repeatedly been recognized for its successful class action leadership, experience and expertise in antitrust, financial, biotechnology and other complex class litigation.  Founded in 1888, Wolf Haldenstein has offices in Chicago (where its antitrust practice group is headquartered), New York City, San Diego and West Palm Beach.

Wolf Haldenstein has served as lead or co-lead counsel in numerous antitrust and other complex class actions in federal courts throughout the country.  The firm served as Co-Lead Class Counsel in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 1486 (N.D. Cal.), which resulted in $320 million in settlements for the class.  In approving the settlements, Judge Hamilton praised Lead Counsel for doing "an exceptionally good job at organizing and managing the case" and achieving "exceptional results."  Judge Hamilton also commented: "I have cases a fraction of the size of this one that take up more of my time just because counsel are not acting as cooperatively and professionally as you are."  Wolf Haldenstein also served as Co-Lead Counsel and Liaison Counsel in *In re Toys "R" Us Antitrust Litigation*, 98 MDL 1211, 191 F.R.D. 347, 351 (E.D.N.Y. 2000), in which Judge Gershon noted: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."[4]

---

[4] The firm's qualifications to serve as class counsel have been recognized by the courts in other cases as well.  In *In re Aon ERISA Litigation*, Case No. 04 C 6875 (N.D. Ill.), for example, the court appointed Wolf Haldenstein Interim Class Counsel, noting, "Wolf meets [the Rule 23(g)] criteria . . . .  Wolf is experienced in handling complex, large-scale class actions." *See also In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"); *In re Luxottica Group, S.p.A. Sec. Litig.*, No. 01-CV-3285, 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) ("The court has no reason to doubt the experience and expertise of Wolf Haldenstein").

The Wolf Haldenstein attorney who will lead this litigation for the firm is Mary Jane Fait, manager of the firm's antitrust group and managing partner of the firm's Chicago office.  Ms. Fait currently serves as co-lead or interim co-lead class counsel in several pending antitrust class actions, including *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, M.D.L. No. 2031 (N.D. Ill.); *In re Evanston Northwestern Healthcare Antitrust Litigation*, No. 07-cv-4446 (N.D. Ill.) (monopolization and attempted monopolization); *McDonough v. Toys "R" Us, Inc.*, No. 06-0242 (E.D. Pa.) (resale price maintenance); and *In re Sulfuric Acid Antitrust Litigation*, MDL No. 1536 (N.D. Ill) (horizontal price fixing and market allocation), and serves as chair of the Plaintiffs' Steering Committee and Interim Liaison Counsel in *In re Text Messaging Antitrust Litigation*, MDL No. 1997 (N.D. Ill.) (horizontal price fixing).[5]

Ms. Fait has over 30 years of experience in litigating antitrust class actions and other complex cases.  Among the other Wolf Haldenstein attorneys committed to this litigation are Fred Taylor Isquith and John Tangren.  A more comprehensive description of these attorneys'

---

[5] Wolf Haldenstein was also appointed Lead Class Counsel on behalf of a class of iPhone purchasers in *In re Apple & AT&TM Antitrust Litigation*, No. C 07-5152, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010).  Wolf Haldenstein attorneys have also been involved in the following significant antitrust class actions, among others: *In re Packaged Ice Antitrust Litigation,* MDL 1952 (E.D. Mich.); *In re Commodity Exchange, Inc., Silver Futures and Options Trading Litigation*, MDL No. 2213; *In re Online DVD Rental Antitrust Litigation*, MDL No. 2029 (N.D. Cal.); *In re Chocolate Confectionary Antitrust Litigation,* MDL No. 1935 (M.D. Fla.); *In re LTL Shipping Services Antitrust Litigation,* MDL No. 1895 (D. Me.); *In re Rail Freight Fuel Surcharge Antitrust Litigation,* MDL No. 1536 (D.D.C.); *In re Cathode Ray Tube Antitrust Litigation,* No. 07-C-5944-SC (N.D. Cal.); *In re Graphic Processing Units Antitrust Litigation,* No. 07-CV-1823-WHA (N.D. Cal.); *In re Air Cargo Shipping Antitrust Litigation*, No. 06-MD-1775 CBA/VVP (E.D.N.Y); *In re International Air Transportation and Surcharge Antitrust Litigation*, No. 06-M-1793 CRB (N.D. Cal.); *In re Publication Paper Antitrust Litigation*, No. 04-MD-1631 SRU (D. Conn.); *In re New Motors Vehicles Canadian Export Antitrust Litigation*, MDL No. 1532 (D. Me.); *In re Carbon Black Antitrust Litigation*, MDL No. 1543 (D. Mass.); *In re Rubber Chemicals Antitrust Litigation*, No. C 03 1496 (D. Conn.); *In re Urethane Antitrust Litigation*, MDL No. 1616 (D. Kan.); and *In re Plastic Additives Antitrust Litigation*, MDL No. 1547 (E.D. Pa.).

qualifications and credentials, as well as more information about the firm, can be found in Wolf Haldenstein's firm resume, appended as Exhibit 2.

### 3.   Cohen Milstein Is Well-Qualified To Serve As Interim Class Counsel In The Prosecution Of This Case

With its roots tracing back to 1970, and with more than 50 attorneys practicing class action litigation, Cohen Milstein is one of the oldest and largest firms in the nation dedicated primarily to the prosecution of class actions. *See* Exhibit 3, Resume of Cohen Milstein Sellers & Toll PLLC. Cohen Milstein also has one of the largest plaintiffs' antitrust class action practices in the country, with 15 attorneys dedicated to this practice. Cohen Milstein possesses resources and expertise not available to smaller firms, which enable it to litigate cases successfully, including through trial and appeal, against the large firms that typically represent defendants in these cases.

It is therefore not surprising that the firm has been chosen by the Legal 500 for four straight years as one of the top antitrust class action firms in the country. *See, e.g.,* The US Legal 500 (2010), http://www.legal500.com/c/us/litigation/mass-tort-and-class-action-plaintiff-representation-antitrust ("[Cohen Milstein] has established a nationwide and international reputation for antitrust representation."); The US Legal 500 (2007), Vol III at 264 (in the antitrust litigation arena, Cohen Milstein "has set the bar for plaintiffs' firms around the country."). And consistent with its strong tradition of pro bono service, Cohen Milstein is one of six recipients of the National Law Journal's 2011 Pro Bono Awards.

The senior members of the Cohen Milstein litigation team in this matter will provide the putative class with the highest level of representation:

Daniel A. Small, co-chair of the firm's antitrust practice group, has been selected as lead counsel in multiple large antitrust class actions. He currently serves as Co-Lead Counsel in *In re*

*Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 1717 (D. Del.), and other significant antitrust matters and was recently appointed Co-Lead Counsel in *Google Inc. Street View Electronic Communications Litigation*, MDL No. 2184 (N.D. Cal.) (alleging unlawful interceptions of WiFi communications).   He was appointed sole Lead Counsel in *Paper Systems, Inc. et al. v. Mitsubishi Corp. et al*., a price-fixing case that settled for more than single damages. As Co-Lead Counsel, he successfully tried *Nate Pease, et al. v. Jasper Wyman & Son, Inc., et al*., to verdict on behalf of blueberry farmers alleging a conspiracy to depress prices, with the jury awarding full single damages of over $18 million.   Mr. Small also has briefed and argued significant appellate cases, including *Free v. Abbott Laboratories*, No. 99-391, before the United States Supreme Court.   He graduated from the American University's Washington College of Law in 1986, before serving as a law clerk to United States District Judge Roger Vinson.

Kit A. Pierson is the other co-chair of the firm's antitrust practice group. His experience has included representation of Fortune 500 corporations, leading national associations, and both corporate and individual plaintiffs in significant antitrust and complex litigation across the United States, including major antitrust class action litigation.   His work has included significant representations on behalf of both plaintiffs and defendants.   As a shareholder at Heller Ehrman from 1997-2008, Mr. Pierson represented clients such as Microsoft Corporation and 3M Company in major antitrust class action matters, including *Gordon v. Microsoft Corp., Comes v. Microsoft Corp.*, *Bradburn Parent-Teacher Store v. 3M Company* and *Meijer v. 3M Company*. In addition to his work on major antitrust class actions, Mr. Pierson has litigated many other complex civil litigation matters, including cases raising issues of significant public interest.   Mr. Pierson graduated *magna cum laude* from the University of Michigan Law School, where he was a Note Editor of the Michigan Law Review, prior to serving as a law clerk for Chief Judge

Feikens in the Eastern District of Michigan and Judge Edwards in the United States Court of Appeals for the District of Columbia Circuit.

Benjamin D. Brown currently serves as Co-Lead Counsel or on steering committees for plaintiffs in, among other cases, *In re Aspartame Antitrust Litigation* (E.D. Pa.); *In re Plasma-Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.); *Allen, et al. v. Dairy Farmers of America, Inc.* (D. Vt.); *In re Puerto Rican Cabotage Antitrust Litigation* (S.D. Fla.); and *Carlin, et al. v. DairyAmerica, Inc.* (E.D. Ca.). In 2010, the Legal 500 recognized Mr. Brown as one of the nation's leading class action antitrust attorneys. Mr. Brown brings additional expertise in analyzing and litigating antitrust matters from his experience as a trial attorney in the Justice Department's Antitrust Division. Mr. Brown graduated *cum laude* from Harvard Law School, prior to serving as a law clerk at the United States Court of Appeals for the First Circuit.

The Cohen Milstein litigation team also includes two highly qualified associates:

Besrat Gebrewold has worked on the *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), a multi-billion dollar antitrust action alleging that the world's major cargo airlines colluded in setting the amounts of various surcharges they imposed on their customers, and on *In re Urethane Antitrust Litigation* (D. Kan.). Ms. Gebrewold also represents Registered Nurses employed by hospitals in Albany, Detroit and Memphis in lawsuits alleging that their employers unlawfully depressed their wages in violation of federal antitrust laws. She received her L.L.M. from Georgetown Law Center, where she was a Fulbright Scholar. Ms Gebrewold graduated from the American University Washington College of Law in May 2007, where she was a member of the *Journal of Gender, Social Policy & the Law.*

Robert Cacace recently completed a two-year clerkship with Judge Kessler in the United States District Court for the District of Columbia. He graduated *cum laude* from Harvard Law

School, where he was an Executive Editor on the *Civil Rights-Civil Liberties Law Review* and the *BlackLetter Law Journal*.

This litigation team is well-qualified to serve as Interim Class Counsel in this litigation for several reasons. First, it has extensive background litigating complex antitrust class actions, including some of the most challenging and significant class action cases litigated in the United States during the past two decades.

Second, the Cohen Milstein team includes a breadth of expertise and skills that makes it particularly well suited to advance the interests of the class in this matter. This includes not only a wealth of experience successfully prosecuting plaintiffs' class action cases, but also the additional experience gained through work defending major corporations in antitrust litigation (and grappling with the discovery and strategic issues that complex antitrust class action litigation presents for defendants), and the knowledge of antitrust investigations, competition issues and related issues of antitrust law gained through service at the United States Department of Justice's Antitrust Division. Stated differently, Cohen Milstein has both the particular skills and experience required to litigate antitrust class actions successfully, and complementary skills that provide significant benefits to the litigation of this matter and the class.

Third, each member of the Cohen Milstein team has demonstrated commitments to class representation and/or public service that should provide a high degree of confidence that the interests of the class will be steadfastly and zealously represented. Each of the Cohen Milstein attorneys has devoted much of his or her career to the protection of class interests, involvement in public service or otherwise advancing matters that promote significant public interests.

4.      **Fink + Associates Law is Well-Qualified to Serve as Liaison Counsel**

David H. Fink, managing partner of Fink + Associates Law, is well-qualified to advance the best interests of the class by serving as Interim Liaison Counsel.  In the five years immediately preceding the formation of Fink + Associates Law, Mr. Fink practiced with the Miller Law Firm PC.  Mr. Fink is an experienced civil litigator, who handles both individual and class actions and, along with the Miller Law Firm, currently serves as court-appointed interim lead counsel in two major class action matters pending in the Eastern District of Michigan--the *OnStar Contract Litigation* and the *Refrigerant Compressors Antitrust Litigation*.  Mr. Fink has handled a wide range of civil lawsuits in Michigan State and Federal trial courts, and also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals.  Mr. Fink is a 1977 *cum laude* graduate of Harvard Law School and a 1974 *magna cum laude* graduate of Harvard College.

5.      **The Miller Law Firm, Wolf Haldenstein and Cohen Milstein Have A History Of Successfully Co-Leading Complex Class Action Litigations**

Not only are The Miller Law Firm, Wolf Haldenstein and Cohen Milstein well-qualified to serve as Interim Class Counsel in this case, all three firms have a demonstrated record of successfully working together to co-lead complex class action litigation.  For example, the firms have cooperatively and productively collaborated in class action litigation, often in leadership roles, on the following matters:

- Wolf Haldenstein and The Miller Law Firm currently serve together on the Executive Committee in *Oakland County Employees' Retirement Systems, et. al. v. Massaro, et. al. (Huron Consulting)*, Case No. 09 C 6284 (N.D. Ill.).

- Wolf Haldenstein and The Miller Law Firm currently serve together as Co-Lead Counsel in *In re Ambac Financial Group, Inc. Shareholders Derivative Litigation*, Case No. 3521-VCL (Del. Ch.).

- Wolf Haldenstein and The Miller Law Firm served as Co-Lead Counsel in *In re General Motors Corp. Securities & Derivative Litigation*, Case No. 06-md-1749 (E.D. Mich.).

- Wolf Haldenstein and The Miller Law Firm worked together closely as Lead and Liaison Counsel, respectively, on *In re Collins & Aikman Corp. Securities Litigation (Egleston v. Heartland Industrial Partners, L.P.)*, Case No. 06-cv-13555 (E.D. Mich.).

- Cohen Milstein served as Lead Counsel, assisted by The Miller Law Firm as Liaison Counsel, in *In re Compuware Securities Litigation*, Case No. 02-cv-73793 (E.D. Mich.).

- The Miller Law Firm and Cohen Milstein worked closely as plaintiffs' counsel in *In re Proquest Company Securities Litigation*, Case No. 06-10619 (E.D. Mich.).

- Wolf Haldenstein and Cohen Milstein effectively cooperated as Co-Lead Counsel in *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.).

- Cohen Milstein and Wolf Haldenstein served as Co-Lead Counsel in *Steiner v. Southmark Corporation*, Case No. 3-89-1387-D (N.D. Tex.).

- Cohen Milstein acted as Liaison Counsel for Wolf Haldenstein in *Nolte v. Capital One Financial Corporation*, Case No. 02-1069-A (E.D. Va.).

- Cohen Milstein acted as Liaison Counsel for Wolf Haldenstein in *Cox v. Software AG Systems*, Case No. 99-496 (E.D. Va.).

Thus, not only are The Miller Law Firm, Wolf Haldenstein and Cohen Milstein committed to working together efficiently and effectively, but they have an established record of doing so in previous class action cases, many of which proceeded in this District.

## V.     THE COURT SHOULD ENTER AN INTIAL PRETRIAL SCHEDULE

If the Court agrees with Plaintiffs that the above-captioned actions should be consolidated, then Plaintiffs propose that the Court enter a schedule for the filing of a consolidated amended class action complaint and the briefing of any motion to dismiss. The filing of a consolidated complaint will facilitate the orderly and efficient conduct of this litigation, by ensuring that all Plaintiffs are pursuing the same claims and allegations, and permitting Defendant to respond to a single complaint. Establishing the schedule proposed by

16

Plaintiffs for the filing of such a complaint and the briefing of any motion to dismiss will facilitate the fair, orderly and timely progression of this litigation.

## VI.       CONCLUSION

For the aforementioned reasons, the Shane Group and Michigan Regional Council Plaintiffs respectfully request that the Court enter the [Proposed] Order For Consolidation, Appointment of Interim Class and Liaison Counsel, and Initial Pretrial Schedule.


Dated: January 7, 2011                              Respectfully submitted,


/s/ E. Powell Miller_____
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
Email: epm@millerlawpc.com


/s/ Mary Jane Fait_____
Mary Jane Fait
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel: (312) 984-0000
Email: fait@whafh.com


/s/ Daniel A. Small_____
Daniel A. Small
Kit A. Pierson
Benjamin D. Brown
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Email:  dsmall@cohenmilstein.com

*Proposed Interim Class Counsel*

/s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Email: dfink@finkandassociateslaw.com

*Proposed Interim Liaison Counsel*

Eric L. Cramer
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-1700

Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 South LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

Richard N. LaFlamme
**LAFLAMME & MAULDIN, P.C.**
2540 Spring Arbor Road
Jackson, Michigan 49203
Telephone: (517) 784-9122

David Balto
**LAW OFFICES OF DAVID BALTO**
1350 I Street, NW
Suite 850
Washington, DC 20005
Telephone: (202) 789-5424

*Attorneys for Plaintiffs The Shane Group, Inc. and
Bradley A. Veneberg*

18

L. Kendall Satterfield
Don A. Resnikoff
Michael G. McLellan
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
dresnikoff@finkelsteinthompson.com
mmclellan@finkelsteinthompson.com

John Tesija
Mike Novara
Bryan M. Beckerman
**NOVARA TESIJA, P.L.L.C.**
2000 Town Center, Suite 2370
Southfield, Michigan 48075
Telephone:  (248) 354-0380
tesija@novaratesija.com
man@novaratesija.com
bmb@novaratesija.com

*Attorneys for Plaintiffs Michigan Regional
Council of Carpenters Employee Benefits Fund,
Abatement Workers National Health and Welfare
Fund, and Monroe Plumbers & Pipefitter Local
671 Welfare Fund*

## <u>CERIFICATE OF SERVICE</u>

I hereby certify that on January 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

<u>/s/ E. Powell Miller_____</u>
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
Email: <u>epm@millerlawpc.com</u>