# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. and BRADLEY A. VENEBERG, | Case No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, on behalf of themselves and all others similarly situated, | Honorable Denise Page Hood |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
| Defendant. | |
| MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND; ABATEMENT WORKERS NATIONAL HEALTH AND WELFARE FUND; MONROE PLUMBERS & PIPEFITTER LOCAL 671 WELFARE FUND; on behalf of themselves and all others similarly situated, | Case No. 2:10-cv-14887-DPH-MKM |
| Plaintiffs, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
| Defendant. | |

| | |
|---|---|
| SCOTT STEELE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | )<br>)<br>)  Case No. 2:11-cv-10375-DPH-VMM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY**

In the interests of (i) promoting an efficient and prompt resolution of the Actions; (ii) facilitating discovery by the Parties litigating the Actions; and (iii) protecting the Parties' and non-parties' Confidential Information from improper disclosure or use, The Shane Group, Inc., Bradley A. Veneberg, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund, Scott Steele (collectively, "Plaintiffs"), and Defendant Blue Cross Blue Shield of Michigan (collectively, the "Parties"), have stipulated to the provisions set forth below. Upon good cause shown, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and E.D. Mich. LR 26.4, the Court ORDERS as follows:

    **A.    DEFINITIONS**

    1.    As used in this Order:

        (a)    "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information, or non-public personal information (such as Social Security numbers, credit card or bank account

(b)    information, or home telephone numbers), or protected health information ("PHI") under HIPPA.

(c)    "Defendant" means Blue Cross Blue Shield of Michigan, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(d)    "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(e)    "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(f)    "Investigations" means the U.S. Department of Justice's and/or the State of Michigan's inquiries, before commencing *United States v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14155 (E.D. Mich.) ("DOJ/Michigan Action"), into (i) Defendant's inclusion of the most favored nation clauses in its contracts with hospitals in Michigan identified in the complaints in the Actions; and/or (ii) Defendant's proposed acquisition of Physicians Health Plan of Mid-Michigan.

(g)    "Investigation Materials" means documents, transcripts of testimony, or other materials that (i) any non-party provided to any Party either voluntarily or under compulsory process during the Investigations; (ii) any Party sent to any non-party during the Investigations; and/or (iii) Defendant has provided to either the DOJ or the State of Michigan during the Investigations.

(h)    "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(i)    "Plaintiffs" means The Shane Group, Inc., Bradley A. Veneberg,

Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund, Scott Steele, and all employees, agents, and representatives of those persons or entities.

      (j)    "Protected Person" means any person (including a Party) that has provided Investigation Materials or that, voluntarily or under compulsory process, provides any documents or testimony in the Actions.

      (k)    "The Actions" means the above-captioned actions pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

**B.    DESIGNATION OF CONFIDENTIAL INFORMATION**

2.    All Documents, including deposition transcripts, produced in the Actions that were previously provided to either DOJ or the State of Michigan during the Investigations or after the commencement of the DOJ/Michigan Action designated or treated as Confidential Information under the Stipulated Protective Order Regarding Confidentiality entered in the DOJ/Michigan Action on March 16, 2011, will be treated as Confidential Information under this Order.

3.    A Protected Person may designate as Confidential Information any documents or transcripts that it provides to any Party during the Actions, to the extent such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of documents or testimony not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information, including PHI, if it is later designated Confidential Information pursuant to Paragraph 5 of this Order. However, any such subsequent designation will not retroactively prohibit the disclosure of any information for which

3

disclosure was proper when made. Persons who receive production of documents or testimony containing PHI that have not been designated as Confidential Information, will, if they determine that the document or testimony contains PHI, promptly notify the Protected Person, to permit the Protected Person to designate the document or testimony as Confidential Information.

   4. Designation as Confidential Information of Documents, including deposition transcripts, produced in the Actions that were not previously provided to either DOJ or the State of Michigan during the Investigations or after the commencement of the DOJ/Michigan Action is governed as follows:

     (a) Whenever discovery is sought by subpoena from a non-party in the Actions after entry of this Order, a copy of this Order shall accompany the subpoena.

     (b) All transcripts of depositions taken in the Actions after entry of this Order will be treated as Confidential Information in their entirety for 30 days after the date a copy of the final transcript has been made available to the Protected Person for review. Within five days of receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the Protected Person. At any time during the 30 days following receipt of the final transcript, the Protected Person may designate testimony as Confidential Information, in compliance with Paragraph 3 of this Order. Such designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the person making such designations to Plaintiffs' and Defendant's counsel.

     (c) A Protected Person that designates as Confidential Information any document produced in the Actions after entry of this Order must stamp or label each confidential page of each document with the designation "CONFIDENTIAL." If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain

Confidential Information. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk.

5. If a Party or Protected Person inadvertently fails to designate as Confidential Information any documents or testimony, it may later so designate by notifying the Parties in writing. After receiving such notice, the Parties shall thereafter treat the newly designated information as Confidential Information. No prior disclosure of newly designated Confidential Information shall violate this Order and the Parties have no obligations regarding such prior disclosures, if any.

6. Any Party that objects to the designation as Confidential Information of any documents or transcripts may notify the designating person in writing, copying all Parties. The designating person shall then have 14 days from receipt of the notification to file a motion seeking a Court order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the person seeking to uphold the designation. If a motion is filed, the Parties shall continue to treat the designated Confidential Information at issue as Confidential Information until the Court rules on the motion. If the designating person does not seek an order within two weeks of receiving notice, or if the Court determines the designation of Confidential Information to have been inappropriate, the challenged designation shall be rescinded.

7. If a Party receives a confidentiality waiver to allow a deponent to be questioned on information that would otherwise be Confidential Information, that waiver (including identifying the specific Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but in any event no later than five business

days prior to the deposition of the witness in question.

## C.   SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION

8.   Except as authorized by this Order, documents, transcripts of testimony, or other materials designated as Confidential Information pursuant to this Order shall not be disclosed to any person other than the persons set forth below, and may be disclosed to and used by the persons set forth below only in the Actions:

(a)   the Court and all persons assisting the Court in the Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b)   outside counsel acting for either Plaintiffs or Defendant in the Actions, those counsels' employees, and independent contractors assisting such outside counsel in the prosecution or defense of the Actions, except to the extent outside counsel and those assisting such outside counsel was involved in or provided advice, or knows it will be involved in or provide advice, concerning negotiations between any Michigan hospital and Defendant or a commercial insurer doing business in Michigan at any time between January 1, 2005 and three years after the close of this litigation or related litigation;

(c)   authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

(d)   persons (and their counsel) whom Plaintiffs or Defendant believes, in good faith, to have had prior access to the Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they may have had access or that is the subject of the communication in which they may have participated; provided that, unless and until the

6

persons or their counsel confirms that the persons had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the persons' access or participation;

   (e) testifying or consulting experts retained by a Party to assist outside counsel in the prosecution or defense of the Actions, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in the Actions; and

   (f) persons in the courtroom during proceedings in this Action, provided that the Confidential Information is disclosed for those proceedings, subject to the right of the Protected Person to move to restrict access to the courtroom.

  9. Before any information designated as Confidential Information may be disclosed to any person described in Paragraph 8(b)-(e) of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and shall have executed the agreement included as Appendix A hereto. Counsel for the Party making the disclosure must retain the original of such executed agreement for a period of at least three years following the final resolution of the Actions. Each individual described in Paragraph 8 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

  10. Notwithstanding Paragraphs 8 and 9 of this Order, nothing in this Order shall:

   (a) limit a person's use or disclosure of its own information designated as Confidential Information;

   (b) prevent disclosure of Confidential Information by any Party to any current

employee of the person that designated the information as Confidential Information; or

(c) prevent disclosure of Confidential Information by any Party with the consent of the person that designated the Confidential Information; provided, however, that this Order does not authorize disclosure of PHI beyond the persons identified in Paragraph 8 above.

(d) prevent Plaintiffs, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Confidential Information as may be required by law.

(e) prohibit the discussion of issues with witnesses simply because those issues are discussed in Confidential Information, provided that the witness in question had lawful access to the particular information being discussed.

### D. DISCLOSURE OF CONFIDENTIAL INFORMATION IN PRETRIAL AND TRIAL PROCEEDINGS IN THE ACTIONS

11. If any documents or testimony designated or treated under this Order as Confidential Information is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to use such material shall follow the procedures set forth in E.D. Mich. LR 5.3 and 26.4. Nothing in this Order shall restrict any person, including any member of the public, from challenging the filing of any Confidential Information material under seal.

### E. PROCEDURES UPON TERMINATION OF THE ACTIONS

12. Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating the Actions, after all appeals have concluded or the time for appeal has expired, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the person that produced it, or destroy all such Confidential Information and certify that fact in writing to that person. Counsel

8

for Plaintiffs and Defendant will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Plaintiffs' employees, Plaintiffs' counsel and their employees and independent contractors, and Defendant's counsel and Defendant's counsel's employees do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the person that produced the information designated as Confidential Information.  All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph.

### F.    RIGHT TO SEEK MODIFICATION

13.    Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

**SO ORDERED:**

Dated at Detroit, Michigan, this 5th day of October, 2011.

                                                s/Denise Page Hood
                                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 5, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager, (313) 234-5165

Dated October 3, 2011.

Stipulated for form and entry by:

**FOR SHANE/COUNCIL/STEELE PLAINTIFFS**          **FOR DEFENDANT BLUE CROSS**
                                                                                     **BLUE SHIELD OF MICHIGAN**

/s/ E. Powell Miller                                             /s/ D. Bruce Hoffman w/ permission
E. Powell Miller (P39487)                                  D. Bruce Hoffman
**THE MILLER LAW FIRM, P.C.**                      Hunton & Williams LLP
950 West University Drive, Suite 300            1900 K Street, N.W.
Rochester, Michigan 48307                            Washington, DC  20006
Telephone: (248) 841-2200                            Telephone: (202) 955-1500
Email: epm@millerlawpc.com                       Email: bhoffman@hunton.com
                                                                            Adm. E.D.Mich., DC Bar # 495385

/s/ Mary Jane Fait w/ permission
Mary Jane Fait
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: (312) 984-0000
Email: fait@whafh.com

/s/ Daniel A. Small w/ permission
Daniel A. Small
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Email: dsmall@cohenmilstein.com

/s/ Daniel E. Gustafson w/ permission
Daniel E. Gustafson
**GUSTAFSON GLUEK PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Email: dgustafson@gustafsongluek.com

David H. Fink (P28235)
**FINK + ASSOCIATES LAW**
100 West Long Lake Road; Suite 111
Bloomfield Hills, Michigan 48304
Telephone: (248) 971-2500
Email: dfink@finkandassociateslaw.com

Eric L. Cramer
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-1700

Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 South LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

Richard N. LaFlamme
**LAFLAMME & MAULDIN, P.C.**
2540 Spring Arbor Road
Jackson, Michigan 49203
Telephone: (517) 784-9122

David Balto
**LAW OFFICES OF DAVID BALTO**
1350 I Street, NW
Suite 850
Washington, DC 20005
Telephone: (202) 789-5424

*Attorneys for Plaintiffs The Shane Group, Inc. and Bradley A. Veneberg*

L. Kendall Satterfield
Don A. Resnikoff
Michael G. McLellan
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Email: dresnikoff@finkelsteinthompson.com
Email: mmclellan@finkelsteinthompson.com

John Tesija
Mike Novara
Bryan M. Beckerman
**NOVARA TESIJA, P.L.L.C.**
2000 Town Center, Suite 2370
Southfield, Michigan 48075
Telephone:  (248) 354-0380
Email: tesija@novaratesija.com
Email: man@novaratesija.com
Email; bmb@novaratesija.com

*Attorneys for Plaintiffs Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund*

Alyson Oliver (#55020)
**KRESCH OLIVER PLLC**
24100 Southfield Road, suite 305
Southfield, MI 48075
Telephone: (248) 327-6556
Email: aoliver@krescholiver.com

Joseph Goldberg
**FREEDMAN BOYD HOLLANDER GOLDBERG & IVES, P.A.**
20 First Plaza, Suite 700
Albuquerque, NM 87102
Telephone: (505)  842-9960
Email: jg@fbdlaw.com

12

Dianne Nast
**RODANAST, P.C.**
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
dnast@rodanast.com

W. Joseph Bruckner
Richard A. Lockridge
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Email: wjbruckner@locklaw.com
Email: ralockridge@locklaw.com

Charles Zimmerman
Anne T. Regan
**ZIMMERMAN REED, PLLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Email: charles.zimmerman@zimmreed.com
Email: anne.regan@zimmreed.com

*Attorneys for Plaintiff Scott Steele*

APPENDIX A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. and BRADLEY A. VENEBERG, | Case No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, on behalf of themselves and all others similarly situated, | Honorable Denise Page Hood |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
| Defendant. | |
| MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND; ABATEMENT WORKERS NATIONAL HEALTH AND WELFARE FUND; MONROE PLUMBERS & PIPEFITTER LOCAL 671 WELFARE FUND; on behalf of themselves and all others similarly situated, | Case No. 2:10-cv-14887-DPH-MKM |
| Plaintiffs, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
| Defendant. | |

|  |  |
|---|---|
| SCOTT STEELE, on behalf of himself and all others similarly situated, | ) ) ) ) |
|  | ) Case No. 2:11-cv-10375-DPH-VMM |
| Plaintiff, | ) ) |
| v. | ) ) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) |
| Defendant. | ) ) |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____. I hereby certify that:

1. I have read the Stipulated Protective Order Concerning Confidentiality ("Protective Order") entered in the above-captioned actions, and understand its terms.

2. I agree to be bound by the terms of the Protective Order and agree to use information, designated as Confidential Information, provided to me only for the purpose of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned actions will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned actions and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this \_\_\_\_\_ day of _____, 201\_\_\_.

 _____
 (SIGNATURE)

2